**SAXTON COAL MINING CO. v. NATIONAL BITUMINOUS COAL COMMISSION, and four other cases.**

Nos. 7100–7103, 7099.

United States Court of Appeals for the District of Columbia.

Decided Feb. 10, 1938.

J. Harry Covington, of Washington, D. C., and William H. Cooke, of Terre Haute, Ind., for petitioners Saxton Coal Mining Co. and Enos Coal Mining Co.

Donald C. Beelar, Louis G. Caldwell, and Howard W. Vesey, all of Washington, D. C., for petitioner St. Louis and O'Fallon Coal Co.

Gregory S. Prince, J. Carter Fort, C. A. Miller and Sidney S. Alderman, all of Washington, D. C., for petitioner Aberdeen and Rockfish R. Co.

Robert W. Knox, Acting Gen. Counsel, and W. H. Matthews, Jr., and M. C. Ferguson, Sp. Assts. to the Gen. Counsel, National Bituminous Coal Commission, all of Washington, D. C., and Robert L. Stern, Sp. Asst. to the Atty. Gen., for respondent National Bituminous Coal Commission.

Before STEPHENS, MILLER, and EDGERTON, Associate Justices.

PER CURIAM.

From the allegations of the petitions and from the statements and concessions made in the course of argument, it appears that the Bituminous Coal Commission's minimum price orders, sought ultimately to be reviewed by this court under the provisions of section 6(b) of the Act of April 26, 1937, 50 Stat. 72, 15 U.S.C.A. § 836(b), were issued and made effective without notice of hearing, without affording a hearing to interested parties, and without the making of findings of fact by the Commission; it further appears that the producing coal companies were parties to these orders and that they are interested parties, and that if the orders are invalid, they are suffering irreparable and continuing damage. Under these circumstances the denial of relief pendente lite, sought to prevent continuing irreparable damage and to preserve in so far as possible the status quo until a ruling upon final review, would be extraordinary unless the ultimate right of review sought is clearly without foundation. Without prejudice to an ultimate ruling, we are unable at the present stage of the proceedings to conclude that the right of review sought is clearly without foundation in the statute. The minimum price orders sought to be reviewed are apparently orders within the terms of section 6(b) of the Act, which provides that: "Any person aggrieved by an order issued by the Commission in a proceeding to which such person is a party may obtain a review * * * in the United States

Court of Appeals for the District of Columbia." And under section 2(a) of the Act, 15 U.S.C.A. § 829(a), no order subject to review under section 6, 15 U.S.C.A. § 836, is to be made or prescribed without notice, hearing afforded to interested parties, and findings of fact. The contention of the Commission that the statute contemplates notice, hearing and findings of fact only after issuance of a minimum price order and upon the filing of a petition under section 4(d) of the Act, 15 U.S.C.A. § 833(d), before the effective date of the order, is not supported by the express language of the statute and seems not to be supported by necessary construction thereof. And neither the express language of the statute nor necessary construction thereof seems clearly to require complete exhaustion of the administrative remedy provided for in section 4(d) before any right of review in the courts may be had in respect of a minimum price order made effective without notice of hearing and without hearing and findings of fact.

■ Concerning the consumer railroads it appears further, from the allegations of the petition and from the statements and concessions made in the course of argument, that they were not named parties in the minimum price orders themselves; but it appears that they are parties to proceedings before the Commission involving the minimum price orders—this by virtue of the petition filed under section 4(d) of the Act by the Association of American Railroads, the American Short Line Railroad Association, for their members, and consumers' counsel of the National Bituminous Coal Commission for and on behalf of said associations and their members, and by virtue of the orders made by the Commission under such petition; and it further appears that the Commission's order of December 15, 1937, in the proceedings under section 4(d), is in part the subject of the review sought by the railroads. This order, to which the railroads are parties, is apparently within the terms of section 6(b) of the Act, provided the railroads may be said to be persons aggrieved within the language of that section. The effect of the order of December 15, 1937, in its denial of the application of the railroads for preliminary relief by way of postponement of the effective date of the minimum price orders, makes the railroads aggrieved persons unless it must clearly be said that their claimed

injury is not of a legally recognizable type; it is conceded that if it is of a legally recognizable type, the railroads are suffering irreparable and continuing damage as a result of the minimum price orders. While the Supreme Court has, in such cases as Edward Hines Yellow Pine Trustees v. United States, 1923, 263 U.S. 143, 44 S.Ct. 72, 68 L.Ed. 216, and Sprunt & Son v. United States, 1930, 281 U.S. 249, 50 S.Ct. 315, 74 L.Ed. 832, ruled that economic disadvantage to a shipper—who may be likened to a consumer under the instant statute—arising under an order of a commission is not such an injury as may be made the subject of an independent suit in the courts to set the order aside as void, nevertheless, the Supreme Court also recognized, specifically in Sprunt & Son v. United States, supra, that the economic disadvantage occasioned a shipper by a commission order may be the subject of consideration in an administrative proceeding by intervention therein. Without prejudice to an ultimate ruling on the subject, we think it cannot be said at this stage of the proceedings that the consumer railroads are so clearly not aggrieved persons within the Act as to have no statutory foundation for judicial review and as thus not to be entitled to pendente lite relief.

Relief pendente lite will therefore be ordered for all petitioners.